# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | Case No. 2:06CR00002 |
| v. | ) | **OPINION** |
| **ROBERT GERALD DAGNAN**, | ) | By: James P. Jones |
|  | ) | Chief United States District Judge |
| Defendant. | ) |  |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Robert Gerald Dagnan, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2009). Upon review of the record, I find that the government's Motion to Dismiss must be granted.

I

A grand jury of this court returned a six-count Indictment charging Robert Gerald Dagnan and two codefendants with conspiracy to manufacture and possess with intent to distribute five grams or more of methamphetamine. A Superseding

Indictment was later returned.[1] Dagnan pleaded not guilty and moved to suppress statements that he had made at the time of his arrest. After conducting an evidentiary hearing, I denied the Motion to Suppress.

Dagnan stood trial before a jury on September 25, 2007. That day, I granted the government's Motion to Dismiss Count One of the Superseding Indictment, charging Dagnan with conspiracy to manufacture methamphetamine. After a one-day trial, the jury returned verdicts of guilty as to the other five counts against Dagnan, as follows: leasing and using a place for the purpose of manufacturing, distributing, and using a controlled substance, in violation of 21 U.S.C.A. § 856(a)(1) (West 1999 & Supp. 2009) (Count Two); possessing pseudoephedrine with the intent to manufacture methamphetamine, in violation of 21 U.S.C. A. §§ 802, 841(c)(1)-(2) (West 1999 & Supp. 2009) (Count Three); creating a substantial risk of harm to human life while manufacturing methamphetamine, in violation of 21 U.S.C.A. § 858 (West 1999) (Count Four); possessing with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C.A. §§ 841(a)(1), 841(b)(1)(B) (Count Five); and manufacturing five or more grams of methamphetamine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2009) (Count Six). I conducted

---

[1] The Superseding Indictment added a seventh count against codefendant Kimberly Ann Pierson for failing to appear as required by the conditions of her release.

a sentencing hearing on January 8, 2008 and imposed a total sentence of 200 months imprisonment, to be followed by eight years of supervised release.

Dagnan appealed the denial of his Motion to Suppress. The United States Court of Appeals for the Fourth Circuit affirmed on September 16, 2008. *United States v. Dagnan*, 293 F. App'x 205 (4th Cir. 2008) ( per curiam) (unpublished).

When Dagnan filed the present § 2255 motion on February 20, 2009. The government responded with a Motion to Dismiss. Dagnan was notified that he would be granted twenty days in which to respond to the government's arguments, but he has not filed any response to the Motion to Dismiss.[2] Because the time allotted for response has expired the case is ripe for decision.

In his § 2255 motion, Dagnan alleges the following grounds for relief:

1. Counsel provided ineffective assistance by failing to file "key pre-trial motions, including:

    a. A "motion to dismiss the indictment based on multiplicitous [sic]";

    b. A "notice to dismiss the indictment based on violation of Fed. R. Cr. P. 7(c) where the indictment charges on or about and between April 1, 2004, and February 16, 2005, under counts 3 and 6 pursuant to 21 U.S.C. § 841 which are not continual crimes";

---

[2] After receiving notice of the government's motion, Dagnan filed a motion seeking appointment of counsel, stating that another inmate who had been helping him with the case had gone home. The court denied the motion.

  c. A "motion to dismiss count four for failing to include the mens rea element knowingly and intentionally";

  d. A "motion to dismiss the indictment based on breach of the plea agreement with the state court";

  e. A "motion to dismiss the indictment based on double jeopardy, where the defendant was already punished for the same offense";

  f. A "motion to dismiss the indictment based on prosecutorial misconduct pursuant to selective prosecution and vindictive prosecution"; and

  g. A "motion to suppress based on the fact [that] the statement made by the defendant was not voluntary based on the defendant's physical condition";

2. Counsel provided ineffective assistance in failing to object to the following:

  a. "[I]mproper comments by the government during opening and closing arguments about the evidence and the defendant's guilt"; and

  b. "[T]he jury instructions given [by] the court";

3. Counsel provided ineffective assistance in failing to present the tape recording of the controlled delivery by the [confidential informant]";

4. Counsel provided ineffective assistance in failing to raise proper arguments in a Rule 29 Motion regarding the government's failure to show:

  a. As to Count Two, "that defendant ever used the property at Keokee[,] Virginia for the purpose of the crime charged,

  where the only testimony was that the defendant used the property at Speers Ferry";

 b. As to Count Three, "that the defendant possessed pseudoephedrine between April 1, [2004 and] February 16, 2005, where the only evidence of possession was on February 19, 2005, outside the time frame" charged;

 c. As to Count Four, that the defendant "knowingly committed" the crime, in that this count fails to include a mens rea element ("knowingly and intentionally"); and

 d. As to Count Six, that the defendant committed the offense between April 1, 2004 and February 16, 2005, in that the drugs implicated in this count were found on February 19, 2005, and are the same drugs implicated in Count Five;

5. Counsel provided ineffective assistance by failing to requset a simple possession instruction for Count Five, based on the small amount of drugs found on the defendant's person;

6. Counsel provided ineffective assistance by failing "to object to the drug amounts used which was not included and found by the jury in Counts 2, 3, 5, and 6";

7. Counsel provided ineffective assistance at sentencing by failing to object to the drug amount on grounds that some of the drugs found were for personal use and should not be used for the base offense level on the charged offense; and

8. Counsel provided ineffective assistance in failing to advise the defendant that "based on count five alone that he had no possible defense" and should "consider pleading guilty" in order to receive less than 200 months imprisonment.

II

To state a claim for relief under § 2255, a defendant must prove that one of the following occurred: (1) His sentence was "imposed in violation of the Constitution or laws of the United States"; (2) The "court was without jurisdiction to impose such sentence"; or (3) The "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.A. § 2255(a). The defendant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir.1958).

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a defendant must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Id.* at 687-88. The defendant must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689. Second, to show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's errors, the outcome would have been different. *Id.*

at 694-95. If it is clear that the defendant has not satisfied one prong of the *Strickland* test, the court need not inquire whether he has satisfied the other prong. *Id.* at 697.

The court must hold pleadings filed by a pro se litigant "to less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The requirement of liberal construction does not mean, however, that the court can ignore a clear failure in the pleading to "allege anything that remotely suggests a factual basis for the claim." *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Similarly, "judges are not . . . required to construct a [pro se] party's legal arguments for him." *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993). The judge is not required to "attempt[ ] to divine the point" the litigant seeks to make about the specific facet of the criminal proceedings that he challenges. *Id.*

III

In its Motion to Dismiss, the government argues only that Dagnan has not alleged sufficient facts to demonstrate why each of counsel's alleged errors represented deficient performance and why it prejudiced his case, as required in order to state a claim under *Strickland*. *Strickland,* 466 U.S. at 687. While this response

to the § 2255 motion is valid as to some of Dagnan's claims, it is not as to others. Accordingly, it is necessary to address Dagnan's claims, one by one.

A. PRETRIAL INEFFECTIVE ASSISTANCE CLAIMS.

1. Multiplicitous Indictment.

Dagnan fails to demonstrate how the Indictment or Superseding Indictment is multiplicitous or how they violate Double Jeopardy.

> While it is true that an indictment charging a single offense in several different counts is multiplicitous and subjects a defendant to a risk of multiple sentences for a single offense in violation of the Double Jeopardy Clause, *see United States v. Goodine*, 400 F.3d 202, 207 (4th Cir . 2005), a defendant may be convicted of separate offenses arising from a single act if each charge requires proof of a fact that the other does not. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Manokey v. Waters*, 390 F.3d 767, 771-73 (4th Cir. 2004).

*United States v. Talib*, Nos. 08-4288, 08-4353, 2009 WL 3326415, at *3 (4th Cir. Oct. 16, 2009) (unpublished).

Although all of Dagnan's charges arose from a related series of events, each count required proof of a fact that the other counts did not require. Because the legislature thus clearly intended for multiple offenses to arise from conduct such as Dagnan's, counsel had no grounds on which to move for dismissal of the indictment on multiplicity or double jeopardy grounds. Therefore, Claims 1(a) and 1(e) fail under the two prongs of *Strickland*, and I will deny relief as to these claims.

2. Other Indictment Defects.

In Claim 1(b), Dagnan asserts that Counts Three and Six of the superseding indictment violated Rule 7(c) of the Federal Rules of Criminal Procedure, because they alleged a range of dates for acts that were "not continual acts." Rule 7(c) requires that the indictment include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Count Three alleged, in pertinent part, that

> [o]n or about between April 1, 2004 and February 16, 2005 . . . [the defendants] knowingly and intentionally possessed pseudoephedrine, a listed chemical as defined in [21 U.S.C.A. § 802], with the intent to manufacture, and knowing and having reasonable cause to believe that it would be used to manufacture methamphetamine.

Count Six alleged, in pertinent part, that "[o]n or about and between April 1, 2004 and February 16, 2005 . . . [the defendants] did knowingly and intentionally manufacture and attempt to manufacture five grams or more of methamphetamine." These descriptions of the offense conduct charged are "plain, concise, and definite" and allege the "essential facts" that the government would need to prove to support a guilty finding. As Dagnan fails to explain how the wording of Counts Three and Six violates Rule 7(c), he fails to demonstrate how counsel's failure to move for dismissal on this ground was deficient or prejudicial performance under *Strickland*. Therefore, I will dismiss Claim 1(b).

In Claim 1(c), Dagnan faults counsel for failing to move for dismissal of Count Four because it did not recite a mens rea element. In Claim 4(c), he complains that counsel did not raise this issue in a Rule 29 motion for judgment of acquittal. In fact, the wording of Count Four tracked the language of 21 U.S.C.A. § 858 itself, which does not include any requirement for proof that the defendant "knowingly and intentionally" created a substantial risk of harm by manufacturing an illegal substance. Moreover, the

> defendant knew manufacturing or attempting to manufacture methamphetamine was illegal. It does not offend due process if Congress's regulation of this antisocial conduct does not require proof that defendant knew his illegal activity created a substantial risk of harm to human life.

*United States v. Jackson*, 199 F. Supp. 2d 1081, 1087 (D. Kan. 2002); s*ee United States v. Cook*, 76 F.3d 596, 602 (4th Cir. 1996) (interpreting 21 U.S.C.A. § 861(a)(3) (West 1999 & Supp. 2009) and finding presumption of a knowledge element is not applicable where statute criminalizes conduct that is not otherwise innocent). Because Dagnan fails to demonstrate that counsel had any substantial factual or legal support for a motion to dismiss Count Four for lack of a mens rea element, Claim 1(c) fails under both prongs of *Strickland*, and I will deny relief accordingly.

    3. Insufficient Factual Allegations.

As to Claims 1(d) and 1(f), Dagnan fails to allege any facts on which counsel could have argued that anyone had breached a state plea agreement related to the federal charges or that the prosecution was selective or vindictive. Accordingly, he fails to demonstrate that counsel's failure to move for dismissal of the indictment on these grounds was deficient and prejudicial performance under *Strickland*. Accordingly, I will deny relief as to each of these claims.

4. Motion to Suppress.

Dagnan alleges that counsel should have argued at the suppression hearing that Dagnan's post-arrest statement to police was not voluntary, based on his physical condition. The record indicates that this issue was considered and decided at the suppression hearing. State Police Special Agent Mike Baker testified at the hearing that as soon as Dagnan said he was not feeling well and began sweating profusely, Baker stopped the questioning and advised another deputy to ensure that Dagnan received medical attention. (Tr. 6-9, Tr. May 24, 2007.) Dagnan testified that no *Miranda* warnings had been given, that he was "shook up pretty bad" on the night of the interview, and that the most recent of his five heart attacks had occurred just four months before his arrest. (*Id.* at 19-20.) He admitted, however, that after he had told the officers that he felt ill, they took him to the hospital, where a doctor treated him for high blood pressure and released him for transportation to the jail. (*Id.* at 25.)

In my ruling denying the motion to suppress Dagnan's statement to police, I expressly found from the evidence that officers had given him *Miranda* warnings before the interview; that the statement was voluntarily made given Dagnan's age, educational background, and experience with the criminal justice system; that officers did not question him after he informed them that he was feeling ill; and that hospital staff had not found his medical condition that day to present any "grave emergency." (*Id.* at 28-29.) Accordingly, I found the statement was voluntarily given "without any duress of any type." (*Id.*) Dagnan does not present any additional evidence in his § 2255 motion in support of his assertion that his statement was involuntary because of his medical condition. Because Dagnan fails to demonstrate that counsel had any factual support for a more involved argument regarding Dagnan's medical condition as grounds for suppression of his confession, Claim 1(g) fails under both prongs of *Strickland*, and I will deny relief accordingly.

### B. COUNSEL'S ALLEGED TRIAL ERRORS.

1. Objections.

In Claims 2(a) and 2(b), Dagnan faults counsel for failing to object to unidentified "improper comments" during opening and closing arguments and to unspecified aspects of the court's instructions to the jurors. Because Dagnan provides no facts in support of these claims, he does not demonstrate any specific respect in

which counsel's actions were either deficient or prejudicial. The claims thus fail under *Strickland*, and I must deny relief.

2. Controlled Delivery Tape.

I must also deny relief as to Claim 3. Dagnan does not allege any facts demonstrating why presentation of the tape recording of the confidential informant's controlled drug delivery would have been beneficial to his defense in any specific way. Accordingly, he fails to demonstrate that counsel's decision not to present the tape was an unreasonable trial strategy that prejudiced his case under *Strickland*.

C. RULE 29 MOTION ERRORS.

1. Keokee Property Evidence.

Dagnan asserts in Claim 4(a) that counsel should have moved for judgment of acquittal as to Count Two, because the government failed to present evidence that Dagnan used the residence in Keokee, Virginia, in committing the charged crimes. The record demonstrates that counsel had no grounds to bring such a motion. In fact, Agent Baker testified that after Dagnan had admitted in a statement after his arrest that he had been making methamphetamine for two years as his sole source of income, Baker and other agents went to the Keokee residence where Dagnan said he had been living for six months. At that residence, agents found numerous materials used in the production of methamphetamine, hidden in the kitchen. (Tr. 29-47, May

24, 2007.) Indeed, Baker described how agents wore hazmat suits to protect themselves from dangerous chemicals as they were "dismantling the meth lab" at Dagnan's Keokee residence. (Tr. 42.) I must deny relief as to Claim 4(a).

    2. Evidence of Pseudoephedrine Possession.

Similarly, the record demonstrates that counsel had no ground on which to move for judgment of acquittal as to Count Three, which charged Dagnan with possession of pseudoephedrine between April 2004 and February 15, 2005. Trial evidence included testimony about a confidential informant making a controlled delivery of pseudoephedrine to Dagnan on February 19, 2005 and about agents finding pseudoephedrine tablets in Dagnan's vehicle the day he was arrested. Testimony also indicated that Dagnan admitted to manufacturing methamphetamine for two years before his arrest on February 19, 2005, using a method for which pseudoephedrine is a primary component. (Tr. 27-28, 57.) Because Claim 4(b) fails under both prongs of *Strickland*, I must deny relief as to this claim.

    3. Same Evidence for Two Counts.

In Claim 4(d), Dagnan is apparently complaining that the government improperly used the same drug evidence to support Counts Five and Six and that authorities seized those drugs after the time period charged in these counts. Conviction on Count Six required proof that Dagnan manufactured the

methamphetamine that he possessed with intent to distribute during the same time period. Because the charge in Count Six thus required proof of facts not necessary for conviction of Count Five (possession with intent to distribute), Dagnan could properly be convicted of both charges, using the same evidence as to the likely amount of drugs involved in each charge. *See Blockburger*, 284 U.S. at 304. Furthermore, from the drugs agents seized from Dagnan on April 19, 2005, the extensive, additional evidence of his manufacturing operation, and his own testimony about how long he had been living off his meth lab proceeds, jurors could reasonably infer that the total amount of methamphetamine that Dagnan both manufactured and possessed with intent to distribute exceeded the five grams charged in Counts Five and Six. Because there are no ground on which counsel could have moved for judgment of acquittal on either of these counts, I find that Claim 4(d) fails under both prongs of *Strickland*.

### D. OTHER COMPLAINTS ABOUT COUNSEL.

1. Simple Possession Instruction.

Claim 5, alleging that counsel should have requested a simple possession instruction, based on the small amount of drugs found on Dagnan when he was arrested, is entirely without support in the record. Rather, the trial evidence showed that Dagnan made his living selling methamphetamine and included no evidence

whatsoever that he personally used the drug. Counsel's failure to request a simple possession instruction was thus neither deficient performance nor prejudicial to the outcome. I must deny relief as Claim 5.

2. Drug Amount Objections.

In Claim 6, Dagnan apparently argues that counsel should have argued at sentencing that the probation officer's estimate of the drug weight for which Dagnan should be held responsible was greater than the amount of drugs proven to the jury. In Claim 7, he argues that counsel should have argued that the drug weight for sentencing purposes should be reduced by the amount of methamphetamine that the defendant would reasonably have kept for personal use. Neither of these arguments had any factual support.

First, Paragraph 31 of the Presentence Investigation Report ("PSR") recommended holding Dagnan responsible for manufacturing only 11.9 grams of methamphetamine between April 1, 2004 and February 16, 2005. This amount only took into account the amount of the drug actually found on his person and in his residence on February 19, 2005. Given his own admission that manufacturing and distributing the drug had been his sole livelihood for two years, this drug weight is, as the probation officer indicated, "ultraconservative" and well supported by the facts presented to the jury. (PSR ¶ 31.)

Second, my calculation of Dagnan's advisory sentencing range and imposition of a sentence within the statutory maximum, based on facts found by a preponderance of the evidence, did not offend the Sixth Amendment, because I sentenced him below the twenty-year, statutory maximum for the manufacturing and possession with intent to distribute offenses with no drug weight. *See* 21 U.S.C.A. § 841(b)(1)(C) (twenty-year maximum punishment for an unspecified amount of methamphetamine); *United States v. Booker*, 543 U.S. 220, 244-45 (2005) (noting that Sixth Amendment error occurs where the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant).

Third, as stated, there was no evidence adduced at trial that Dagnan personally used any of the drugs he manufactured. Because counsel had no factual or legal support in the record for the objections Dagnan posits in Claims 6 and 7, these claims fail under *Strickland*.

4. Advice Regarding a Guilty Plea.

In Claim 7, Dagnan makes the self-serving assertion that counsel should have advised him that he had no defense, particularly to the charge of possession with intent to distribute, and should have advised him to plead guilty for a chance at less that 200 months imprisonment. Dagnan fails to demonstrate any reasonable probability that, even with such advice from counsel, Dagnan would have been

inclined to plead guilty at the time of trial. Without this required showing of prejudice under *Strickland*, the claim fails. Therefore, I must deny relief on Claim 7.

IV

For these reasons, the § 2255 motion fails to state any ground on which Dagnan is entitled to relief. Accordingly, the Motion to Dismiss will be granted.

A separate Final Order will be entered herewith.

ENTER: December 14, 2009

/s/ JAMES P. JONES
Chief United States District Judge